# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SANDRA KAY MURRAY,**

        **Plaintiff,**

        **v.**                                      **Case No. 17-CV-46**

**MICHAEL MISHLOVE,**

        **Defendant.**

## ORDER

On January 11, 2017, Sandra Kay Murray filed a complaint wherein she names Michael Mishlove as a defendant. (ECF No. 1.) Accompanying her complaint was a Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF No. 2.) The matter was randomly assigned to this court and on January 26, 2017, Murray consented to the full jurisdiction of a magistrate judge (ECF No. 3).

Murray is proceeding pro se and used this court's standard pro se complaint form. In the portion of the form where it asks the plaintiff to provide her "statement of claim," Murray wrote the following: "Atty Michael Mishlove claimed I filed frivolous matter on January 14, 2008 at Maysteel. Keep me from appealing on medication to control seizures after a cranotomy surgery ADA". (ECF No. 1 at 2.)

In the portion of the form where the plaintiff is asked to state the "relief wanted," Murray wrote: "Refund $50 sanction on frivolous decision sue Atty Michael Mislove for tampering with evidences $10,000 Also I was laid-off without pay $500 My raises were 22 cents every 6 mos. While co-workers received 50 cent annual". (ECF No. 1 at 4.)

The court finds that Murray lacks the financial resources to pay the filing fee and therefore her motion to proceed in forma pauperis (ECF No. 2) will be granted. However this is only half of the court's inquiry. The court must next assess whether her complaint is sufficient to proceed.

Murray's complaint suggests that the present action relates to a prior proceeding. A review of the records of this court reveals that Murray has been a plaintiff in four prior lawsuits. Most relevant here is her 2006 lawsuit against "Supervisor George Bush, Sr." The defendant was represented by Michael Mishlove and the action related to Murray's employment at Maysteel. Murray's actions in that case led to the Honorable Rudolph T. Randa imposing on August 1, 2008, a minimum two-year ban on Murray filing "any further cases or documents in this district," with a few narrow exceptions. *See* 06-CV-781, ECF No. 39 (E.D. Wis.)

In the years that followed, Murray filed various motions and requests for relief from the ban. (Case No. 06-CV-781, ECF Nos. 40, 42, 44, 46, 48, 50, 52, 63, 65.) Judge Randa consistently denied Murray relief (Case No. 06-CV-781, ECF Nos. 43, 45, 47, 49, 51, 64, 66) and at one point imposed a $50 sanction upon Murray (Case No. 06-CV-781,

ECF No. 53). In October of 2016, that action was reassigned to the Honorable Pamela Pepper, who again denied Murray's renewed request to lift the filing ban. (Case No. 06-CV-781, ECF No. 68.)

On November 21, 2016, Murray again requested relief from the filing ban. (Case No. 06-CV-781, ECF No. 69.) On November 29, 2016, Judge Pepper granted Murray limited relief from the filing ban. (Case No. 06-CV-781, ECF No. 71.) In her order Judge Pepper stated, "the court will lift the ban and allow the plaintiff to file *other* cases, as long as the relief requested is unrelated to the *Murray v. Bush* claims. The court warns the plaintiff, however, that if she files multiple frivolous cases, the court may impose another ban on filings pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995)." (06-CV-781, ECF No. 71 at 2) (emphasis in original).

The court finds that the present complaint is related to the *Murray v. Bush* claims. Therefore, the present lawsuit is barred by Judge Pepper's order and must be dismissed.

Moreover, notwithstanding Judge Pepper's order, the court finds that Murray's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE ORDERED** that Murray's Motion for Leave to Proceed Without Prepayment of the Filing Fee is granted.

**IT IS FURTHER ORDERED** that the complaint and this action are dismissed.

The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31st day of January, 2017.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.