UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SANDRA KAY MURRAY,

                Plaintiff,

        v.                                          Case No. 17-CV-46

MICHAEL MISHLOVE,

                Defendant.

---

# RECOMMENDATION

---

*On July 31, 2017, the Court of Appeals for the Seventh Circuit remanded this matter in light of that court's recent decision in* Coleman v. Labor & Indus. Review Comm'n, *860 F.3d 461 (7th Cir. 2017). In accordance with* Coleman, *the court now reissues its prior order as a recommendation pursuant to 28 U.S.C. § 636(b)(1).*

On January 11, 2017, Sandra Kay Murray filed a complaint wherein she names Michael Mishlove as a defendant. (ECF No. 1.) Accompanying her complaint was a Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF No. 2.) The matter was randomly assigned to this court and on January 26, 2017, Murray consented to the full jurisdiction of a magistrate judge (ECF No. 3).

Murray is proceeding pro se and used this court's standard pro se complaint form. In the portion of the form where it asks the plaintiff to provide her "statement of claim," Murray wrote the following: "Atty Michael Mishlove claimed I filed frivolous matter on January 14, 2008 at Maysteel. Keep me from appealing on medication to control seizures after a cranotomy surgery ADA". (ECF No. 1 at 2.)

In the portion of the form where the plaintiff is asked to state the "relief wanted," Murray wrote: "Refund $50 sanction on frivolous decision sue Atty Michael Mislove for tampering with evidences $10,000 Also I was laid-off without pay $500 My raises were 22 cents every 6 mos. While co-workers received 50 cent annual". (ECF No. 1 at 4.)

The court finds that Murray lacks the financial resources to pay the filing fee and therefore her motion to proceed in forma pauperis (ECF No. 2) will be granted. However this is only half of the court's inquiry. The court must next assess whether her complaint is sufficient to proceed.

Murray's complaint suggests that the present action relates to a prior proceeding. A review of the records of this court reveals that Murray has been a plaintiff in four prior lawsuits. Most relevant here is her 2006 lawsuit against "Supervisor George Bush, Sr." The defendant was represented by Michael Mishlove and the action related to Murray's employment at Maysteel. Murray's actions in that case led to the Honorable Rudolph T. Randa imposing on August 1, 2008, a minimum two-year ban on Murray

filing "any further cases or documents in this district," with a few narrow exceptions. *See* 06-CV-781, ECF No. 39 (E.D. Wis.)

In the years that followed, Murray filed various motions and requests for relief from the ban. (Case No. 06-CV-781, ECF Nos. 40, 42, 44, 46, 48, 50, 52, 63, 65.) Judge Randa consistently denied Murray relief (Case No. 06-CV-781, ECF Nos. 43, 45, 47, 49, 51, 64, 66) and at one point imposed a $50 sanction upon Murray (Case No. 06-CV-781, ECF No. 53). In October of 2016, that action was reassigned to the Honorable Pamela Pepper, who again denied Murray's renewed request to lift the filing ban. (Case No. 06-CV-781, ECF No. 68.)

On November 21, 2016, Murray again requested relief from the filing ban. (Case No. 06-CV-781, ECF No. 69.) On November 29, 2016, Judge Pepper granted Murray limited relief from the filing ban. (Case No. 06-CV-781, ECF No. 71.) In her order Judge Pepper stated, "the court will lift the ban and allow the plaintiff to file *other* cases, as long as the relief requested is unrelated to the *Murray v. Bush* claims. The court warns the plaintiff, however, that if she files multiple frivolous cases, the court may impose another ban on filings pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185, 186-87 (7th Cir. 1995)." (06-CV-781, ECF No. 71 at 2) (emphasis in original).

The court finds that the present complaint is related to the *Murray v. Bush* claims. Therefore, the present lawsuit is barred by Judge Pepper's order and must be dismissed.

3

Moreover, notwithstanding Judge Pepper's order, the court finds that Murray's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** that the complaint and this action be dismissed.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 3rd day of August, 2017.

WILLIAM E. DUFFIN
U.S. Magistrate Judge