UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA KAY MURRAY,

        Plaintiff,

v.                                           Case No. 17-cv-46-pp

MICHAEL MISHLOVE,

        Defendant.

**ORDER ADOPTING RECOMMENDATION (DKT. NO. 17)
AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On January 11, 2017, the plaintiff, representing herself, filed a complaint against Michael Mishlove. Dkt. No. 1. Magistrate Judge William E. Duffin screened the complaint, and concluded that it was related to the claims the plaintiff had raised—and this court had barred—in Murray v. Bush, Case No. 06-cv-781 (E.D. Wis.), dkt. no. 71. Dkt. No. 4 at 4. Judge Duffin also ruled that 28 U.S.C. §1915(e)(2)(B)(ii) required the court to dismiss the case for failure to state a claim upon which relief could be granted. Id.

The plaintiff filed an appeal, dkt. no. 8, and the Seventh Circuit remanded after concluding that a magistrate judge did not have the authority to enter a final judgment if only the plaintiff had consented to having the case heard by a magistrate judge, dkt. no. 16. On remand, Judge Duffin reissued his order as a recommendation, explaining why he believed this court should dismiss the complaint. Dkt. No. 17. Judge Duffin advised the plaintiff that if

1

she objected to his recommendation, she had to file her objection within fourteen days of service of his order, and that her failure to timely file the objection would result in a waiver of the right to appeal. Dkt. No. 17. The plaintiff has not filed an objection, and more than fourteen days have passed.

A district judge may accept, reject or modify, in whole or in part, the findings or recommendations the magistrate judge made in the report. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Systems Corp., 170 F.3d 734, 739 (7th Cir. 1999)

Having reviewed Judge Duffin's report, the court does not find it to be clearly erroneous. Judge Randa imposed a minimum two-year filing ban and a $50 sanction. Murray v. Bush, Case No. 06-cv-781 (E.D. Wis.). On November 29, 2016, this court lifted the ban to allow the plaintiff to file *other* cases, as long as the relief requested was unrelated to the Murray v. Bush claims. Dkt. No. 71 at 2. In that same order, this court warned the plaintiff that filing multiple frivolous cases could result in another ban on filings under Support Systems International, Inc. v. Mack, 45 F.3d 185, 186-87 (7th Cir. 1995).

This court agrees with Judge Duffin that the pending allegations relate to the Murray v. Bush claims in Case No. 06-cv-781, which involved the plaintiff's counsel, Michael Mishlove, and her employment at Maysteel. And,

2

like Judge Duffin, the court concludes that the plaintiff has failed to state a claim upon which relief can be granted.

The court **ADOPTS** Magistrate Judge Duffin's August 3, 2017 recommendation (dkt. no. 17), and **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted.

Dated in Milwaukee, Wisconsin this 31st day of August, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**